```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | |
|---|---|
| ANTHONY STELMOKAS, | |
|                Appellant, | Case No. 11 C 5381 |
| | Appeal from Bankruptcy Court |
| | Case No. 09 B 13083 |
|     v. | Adversary No. 11 A 0595 |
| AUDRIUS CEPRONAS, | Hon. Harry D. Leinenweber |
|                Appellee. | |

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the Bankruptcy Court's Dismissal of an Adversary Complaint No. 11-A-595 filed under FED. R. BANKR. PRO. 7001(6) by appellant Anthony Stelmokas ("Stelmokas") against Audrius Cepronas ("Cepronas") in his Chapter 7 Bankruptcy, Case No. 09-B-13083. The Adversary Complaint was dismissed on June 3, 2011. Stelmokas moved to reconsider on June 17, 2011. Because the Motion to Reconsider was filed within fourteen (14) days from dismissal of the Adversary Complaint, the time for appeal ran from the date the Motion to Reconsider was denied, July 8, 2011. *See,* FED. R. BANKR. PRO. 8002(a), 8002(b)(4). Stelmokas filed a timely Notice of Appeal on July 22, 2011. For the reasons stated herein, this Court **AFFIRMS** the Judgment of Dismissal.

### I. BACKGROUND

Stelmokas' Adversary Complaint sought to determine the dischargeability of debt under § 523(a)(2)(A) of the Bankruptcy Code. Stelmokas alleged that a $30,983 promissory note Cepronas signed was

not dischargeable in bankruptcy because it was obtained under false pretenses.

Stelmokas first sought to avoid discharge of the debt in the timely filed Adversary Complaint No. 09-A-691 ("the First Case"). In that action, Stelmokas retained an attorney, Berton Ring, who failed to appear on Mr. Stelmokas' behalf on December 3, 2010. Transcripts from that day's court events indicate that the bankruptcy judge expressed unhappiness with the attorney's delays in prosecuting the case, noted that the hearing was at least the 10th in the matter, and observed that Ring and opposing counsel had also failed to file a joint pretrial statement in the case. As a sanction, he dismissed the adversary action without prejudice, an order that was entered on December 7, 2010. Ironically, the record indicates Mr. Stelmokas had also been unhappy with Mr. Ring and had directed him to seek permission to withdrawal on December 3, the very day Ring failed to appear.

After the dismissal, Mr. Stelmokas himself soon appeared in court on February 4, 2011 and noted he had been out of the country on December 3, 2010. He argued that equitable estoppel prohibited the dismissal of the case, in that his own attorney had misled him into believing the attorney would show for the December 3 hearing. Mr. Stelmokas argued that the debtor's attorney was somehow in collusion with attorney Ring, but gave no evidence of that, and the bankruptcy judge found no such evidence.

The bankruptcy judge was sympathetic to Mr. Stelmokas' plight, but noted litigants are bound by the actions of their attorneys, even poor ones, and would not reconsider. But all was not lost, the bankruptcy judge told Stelmokas.

> THE COURT: When I dismissed this and the other cases, complaints, without prejudice, it was with your interest in mind because you've still got another shot at it if you want to refile.
>
> MR. STELMOKAS: I didn't know that. I thought that was it.
>
> THE COURT: No. If I had dismissed them with prejudice, that would have been the end of it.
>
> * * *
>
> MR. STELMOKAS: So I can refile. And the window of opportunity for that?
>
> THE COURT: Any time you want. It's up to you.
>
> Mr. STELMOKAS: Okay. Thank you.
>
> THE COURT: You're welcome.

As instructed, Mr. Stelmokas refiled approximately one month later on March 7, 2011. But the debtor's attorney objected to the new filing, noting that the court had set August 10, 2009 as the last day to file any objections to discharge in the underlying bankruptcy case. As such, Stelmokas' filing was untimely under Federal Rule of Bankruptcy Procedure 4007(c), the debtor argued. The bankruptcy judge agreed and dismissed the case, noting that even though the bankruptcy court had dismissed the adversary action without prejudice, because the 4007(c) deadline had passed, in this case the dismissal was effectively a dismissal with prejudice. A motion for

reconsideration was similarly denied and Stelmokas filed this timely appeal, again arguing the equitable estoppel issue. Attachments to his appeal also suggest a possible equitable tolling or "unique circumstances" issue.

## II. **LEGAL STANDARD**

On appeal in the district court, a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *CIT Communs. Fin. Corp. v. Maxwell (In re marchFIRST, Inc.)*, 2008 U.S. Dist. LEXIS 84867, *8-9 (N.D. Ill. Sept. 12, 2008). Because the Bankruptcy Court dismissed Stelmokas' Complaint on the pleadings, the Court treats as true all well-pleaded allegations. *Mercantile Nat'l Bank of Ind. v. Rose (In re Rose)*, 2008 U.S. Dist. LEXIS 75317, *11-12 (C.D. Ill. Aug. 26, 2008). The complaint cannot be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

## III. **ANALYSIS**

### A. **Equitable Estoppel**

#### *1. Legal Standard*

Equitable estoppel precludes a party from asserting a claim against another party who has detrimentally relied upon the former's misrepresentation or failure to disclose a material fact. *MDFC Loan Corp. v. First Shopping Ctr. Partnership*, 1996 U.S. Dist. LEXIS 2452, at *18 (N.D. Ill. Mar. 1, 1996). The elements of equitable estoppel

are: (1) misrepresentation in a prior proceeding *by the party against whom estoppel is asserted*, (2) reasonable reliance upon that misrepresentation by the party asserting estoppel, and (3) detriment to that party. *MDFC Loan Corp. v. First Shopping Ctr. Partnership*, 1996 U.S. Dist. LEXIS 2452, at *18-19 (N.D. Ill. Mar. 1, 1996) (emphasis added).

### *2. Equitable Estoppel in This Case*

As is evident from the italicized portion above, equitable estoppel requires misrepresentation by the *opposing* party, not one's own attorney. Mr. Stelmokas has offered no credible theory for why his own attorney's alleged misrepresentations should be imputed to the debtor. Indeed, his brief lists grievances that Mr. Ring committed, not the opposing party. As the Bankruptcy Court has already noted, the misrepresentations of one's own attorney may be pursued in a malpractice lawsuit against Mr. Ring, but not as equitable estoppel. Indeed, clients are stuck with the actions of their attorneys, be they good or bad. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 (1962).

The closest Mr. Stelmokas comes to involving the debtor's attorney is his statement that "the facts tend to show that Modestas [the debtor's attorney] acquiesced with Ring in not filing the pretrial statement and conveniently not showing up together with Ring as scheduled." But even if this is true, the Court fails to see how an opponent of a Plaintiff not showing up in court or doing its part in composing a pretrial statement would prejudice the Plaintiff;

indeed it usually helps and can often lead to a default judgment for the Plaintiff.

Thus, because Mr. Stelmokas cannot cite any plausible facts suggesting misrepresentations to him by the opposing party, the elements of equitable estoppel have not been satisfied here.

### B. Equitable Tolling or "Unique Circumstances"

As a preliminary matter, Mr. Stelmokas does not specifically raise the matter of equitable tolling, and the issue could therefore be considered waived. However, the filings of *pro se* litigants are to be construed generously. *Buchanan v. Duckworth*, 1992 U.S. App. LEXIS 5380 (7th Cir. 1992). Because Mr. Stelmokas attached a copy of the transcript of his exchange with the bankruptcy judge, we will consider that an argument.

#### *1. Legal Standard*

The "unique circumstances" doctrine, which is also sometimes known as equitable tolling, has been used to extend appeal deadlines where the district court allowed it based on excuseable neglect, even when the appellate court later disagreed with that finding of excuseable neglect. *Properties Unlimited, Inc. v. Cendant Mobility Servs.*, 384 F.3d 917 (7th Cir. 2004) (citing *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962). The concept was clarified in *Osterneck v. Ernst & Whinney* to excuse a late filing where a litigant "has received specific assurance by a judicial

officer that [an] act has been properly done." *Osterneck*, 489 U.S. 169, 179.

But the Seventh Circuit in interpreting *Osterneck* has "taken a narrow view" of the doctrine. *Properties Unlimited*, 384 F.3d at 921. If the assurance by the judicial officer comes in the form of a minute order that is not sufficient assurance to trigger the relief. *Id.* Also, "it cannot be enough if the district court announces that it is giving the parties more time than the rules permit, because the rules then would impose no limits on the court's discretion. In our view, the 'unique circumstances' exception is available only when there is a genuine ambiguity in the rules to begin with." *Id.* at 921-922.

### *2. "Unique Circumstances" in This Case*

With those narrow – some might say anorexic – constraints, the Court is hard-pressed to find unique circumstances that would satisfy the Seventh Circuit here.

If a minute order by a judge cannot count as "specific assurance" by a judicial officer, we doubt a judge's offhand comments from the bench would suffice either. Nor has Bankruptcy Rule of Procedure 4007(c) been cited as being particularly vague.

Without even reaching questions such as whether this Court would have the power to order the Bankruptcy Court to accept a new adversarial action (as opposed to the rule's traditional domain of accepting a late appeal), or whether it could order a reconsideration of action in the First Case (which is not before this Court), the

- 7 -

Court finds that the circumstances presented here are not unique enough as defined by the Seventh Circuit to provide for any equitable tolling.

## IV. CONCLUSION

While the Court is very sympathetic to Mr. Stelmokas' plight, which appears due in large part to the non-appearance of his attorney, it is foreclosed from ordering any relief for him under either a theory of equitable estoppel or unique circumstances. The appellant having failed to cite any set of facts that would allow it to prevail, the Dismissal of the Bankruptcy Court, therefore, is affirmed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 2/10/2012